UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
NEW ALBANY DIVISION

TERI PEACOCK,                          )
                                       )
              Plaintiff,               )
                                       )
        v.                             )        No. 4:25-cv-00030-KMB-TWP
                                       )
TIMOTHY GRIFFITH,                      )
PERFORMANCE TRANSPORTATION LLC,        )
                                       )
              Defendants.              )

**ORDER REGARDING PLAINTIFF'S MOTION TO CONTINUE TRIAL
AND RESET EXPERT DISCLOSURE DEADLINES**

Presently pending before the Court is Plaintiff's Motion to Continue Trial Date and Reset Expert Disclosure Deadlines.  [Dkt. 47.]  Plaintiff filed this motion because she is receiving ongoing medical treatment that she contends is related to the underlying motor vehicle collision at issue in this case.  Defendants oppose Plaintiff's motion, arguing that it "is not a routine housekeeping request" and that it will prejudice them by allowing Plaintiff to allegedly cure defects in her prior expert disclosures that Defendants have identified.  [Dkt. 48.]  Plaintiff has filed a reply brief that in part clarifies the scope of her requested relief, [dkt. 49], and the motion is now ready for the Court's review.

Defendants have admitted negligence in this case and that Defendant Timothy Griffith was acting within the course and scope of his employment with Defendant Performance Transportation LLC at the time of the collision.  [Dkt. 48 at 5.]  All Parties acknowledge that expert testimony related to Plaintiff's alleged damages from the motor vehicle collision and whether that collision caused Plaintiff's alleged damages will be key.  Plaintiff's requests regarding the expert disclosure deadlines and trial date stem from the fact that she recently received additional trigger point

1

injections and was referred to a neurosurgeon for a surgical consult that will occur on August 13, 2026. [Dkts. 47 at 2; 49 at 2.] Plaintiff claims a "[a] potential surgical recommendation is not a collateral issue" and that "[i]f Plaintiff's treating providers recommend surgery, that recommendation will materially affect the damages issues the jury must decide." [Dkt. 49 at 4.]

A jury trial in this case is set to begin on November 16, 2026, with the final pretrial conference scheduled for October 1, 2026. Plaintiff requests that these dates be vacated and that the jury trial be continued by six months. As for the expert deadlines, Plaintiff's expert disclosure deadline was previously extended to March 20, 2026. [Dkt. 39.] It is undisputed that Plaintiff disclosed experts by that deadline. [Dkt. 48 at 1.] In her reply brief, Plaintiff clarifies that she "is not asking to reopen all expert discovery or permit new opinions on matters that could have been disclosed by the prior deadline." [Dkt. 49 at 3.] Rather, Plaintiff "seeks only a limited modification allowing supplementation related to medical information arising from the post-disclosure surgical referral, the May 21, 2026, orthopedic appointment, the August 13, 2026, follow-up, and any resulting surgical recommendation or treatment plan." [*Id.*]

After having reviewed the Parties' briefing on the pending motion, the Court denies Plaintiff's request to continue the trial date, which is still more than four months away. A trial is typically only continued at a party's request due to "changed circumstances to which a party cannot reasonably be expected to adjust without an extension of time." *Crabtree v. Nat'l Steel Corp.*, 261 F.3d 715, 719 (7th Cir. 2001). While that inquiry is fact specific for each case, sufficient changed circumstances typically include "illness of a key witness, illness of counsel on the eve of trial, or newly discovered evidence." *Id.* Plaintiff's motion does not present sufficient changed circumstances that affect a trial date more than four months from now. Instead, Plaintiff's request to continue the trial date by six months is based on what could potentially happen at a medical

2

consult next month at which there could be "[a] *potential* surgical recommendation" and that "*[i]f* Plaintiff's treating providers recommend surgery, that recommendation will materially affect the damages issues the jury must decide." [Dkt. 49 at 4 (emphases added).] While the Court agrees that perhaps Plaintiff could show the necessary changed circumstances based on what happens at that appointment, conjectures about what could happen are insufficient to continue the November 2026 trial at this time. Thus, Plaintiff's request to continue the trial date is denied.

Turning to Plaintiff's request to adjust the expert disclosure deadlines, the Court will focus on the scope of Plaintiff's request as clarified in her reply brief. Specifically, Plaintiff "seeks only a limited modification allowing supplementation related to medical information arising from the post-disclosure surgical referral, the May 21, 2026, orthopedic appointment, the August 13, 2026, follow-up, and any resulting surgical recommendation or treatment plan." [Dkt. 49 at 3.] Based on alterative relief that was proposed by Defendants in their response brief, it is not clear to the Court if Defendants would oppose Plaintiff's narrowed request. [*See* dkt. 48 at 8 (proposing alternative relief that includes Plaintiff's "immediate production of all new treatment records . . . , limitation that any supplemental expert opinions be confined to genuinely new medical information that could not reasonably have been disclosed [by Plaintiff's deadline], etc.).]

To the extent that a dispute remains and Plaintiff seeks the Court's permission to supplement previously produced discovery or previously disclosed expert reports, such supplementation is already required by Federal Rule of Civil Procedure 26(e). *See E.C. v. Cmty. Sch. Corp. of E. Hancock Cnty.*, 2021 WL 12310135, at *2 (S.D. Ind. Aug. 4, 2021) ("Under Fed. R. Civ. P. 26(e), a litigant who has made a disclosure under Rule 26(a)—which includes expert disclosures—must timely 'supplement' or correct the disclosure if she learns "that in some material respect the disclosure ... is incomplete or incorrect...."). While Rule 26(e) does not define the word

"supplement," in the context of expert reports, caselaw "nearly uniformly holds that when a 'supplemental' expert report served after the disclosure deadline gives new opinions or provides materially new bases for opinions, the new report cannot be characterized as a mere supplement allowed under Rule 26(e)." *Id.* Put more simply, "an expert cannot use a Rule 26(e) supplement to avoid expert disclosure deadlines or otherwise sandbag the opponent." *Id.* (collecting cases).

Plaintiff already should have supplemented discovery related to medical information arising from the post-disclosure surgical referral and the orthopedic appointment that occurred on May 21, 2026. She should continue to promptly supplement with anything related to additional treatment that she contends is related to the collision at issue, including the upcoming August 2026 neurosurgeon consult. That duty to supplement also applies to previously disclosed expert reports. To the extent Plaintiff seeks to disclose a new expert based on a potentially new treatment path, Plaintiff's counsel shall first consult with Defendants' counsel and then seek the Court's leave, including specific information as needed about the new expert, since Plaintiff's expert disclosure deadline passed months ago.

Because Plaintiff confirms in her reply brief that she is not seeking a wholesale extension of the expert disclosure deadline—a request that the Court likely would have denied—and Plaintiff's requested expert relief surrounding her upcoming appointment is hypothetical, the Court does not find good cause to grant any expert-related relief at this time other than to the extent provided by this Order. It is clear to the Court that Plaintiff filed the pending motion to try to get ahead of potential disputes between the Parties that she anticipates may occur based on what happens at the upcoming consult with the neurosurgeon. The Court appreciates that. However, Plaintiff is already required to supplement both fact and expert discovery under Rule 26(e), and

the Court will not provide a hypothetical ruling related to what may or may not happen at Plaintiff's upcoming medical appointment.

For these reasons, Plaintiff's pending Motion to Continue Trial Date and Reset Expert Disclosure Deadlines, [dkt. 47], is **DENIED**.  Plaintiff's counsel may renew aspects of this motion, if warranted, after Plaintiff's consult with the neurosurgeon on August 13, 2026, and after Plaintiff's counsel engages in a meaningful meet and confer with Defendants' counsel.  After looking at the current case management plan deadlines, the Court *sua sponte* extends the current deadline for Parties to file a motion to limit or preclude expert testimony at trial pursuant to Section III.H of the case management plan, [dkt. 17 at 3], to now be **September 1, 2026**.  If any such motions are filed, any response brief is due **by September 15, 2026**, and any reply brief is due by **September 22, 2026**.  It is not anticipated that those deadlines would be extended unless the currently scheduled trial date is moved.

This case is set for a Telephonic Status Conference on **August 20, 2026, at 9:00 a.m. (Eastern)**.  The Court will contact counsel through the Court's electronic filing system with the call-in information to be used to participate in the conference.

**SO ORDERED.**

Date: 7/6/2026

*Kellie M. Barr*

Kellie M. Barr
United States Magistrate Judge
Southern District of Indiana

Distribution:

Registered counsel of record via Court's CM/ECF System